OPINION
{¶ 1} Defendant-appellant, Melvin Hughes, appeals from a Mahoning County Common Pleas Court judgment denying his motion to file a delayed petition for post-conviction relief.
 {¶ 2} A jury convicted appellant of aggravated murder and aggravated burglary with firearm specifications in January 2002. The trial court subsequently sentenced him to life in prison with parole eligibility after 20 years for aggravated murder, ten years for aggravated burglary, and three years for the firearm specification to be served consecutively.
 {¶ 3} Appellant filed a motion for a new trial, which the trial court denied. He subsequently appealed the denial to this court and we affirmed the trial court's judgment on November 13, 2003. See State v. Hughes, 7th Dist. No. 02-CA-15,2003-Ohio-6094. Appellant then filed a motion for reconsideration, which we denied on March 11, 2004.
 {¶ 4} On November 1, 2004, appellant, now acting pro se, filed a motion for leave to file a delayed post-conviction petition. On November 26, 2004, he filed a motion for post-conviction relief alleging that he received ineffective assistance of trial counsel. On September 20, 2005, the trial court denied appellant's motion to file a delayed post-conviction petition. On October 6, 2005, appellant filed a timely notice of appeal.
 {¶ 5} During that time, on January 6, 2005, appellant also filed an application to reopen his appeal with this court. We denied that application on March 30, 2005, because it was untimely.
 {¶ 6} Appellant, still acting pro se, now raises three assignments of error, the first of which states:
 {¶ 7} "THE TRIAL COURT ERRORED [sic.] WHEN IT DENIED PETITIONER'S PETITION FOR DELAYED POST-CONVICTION, ON THE BASIS THAT THE MOTION IS NOT WELL TAKEN. APPELLANT FILED THIS MOTION IN ACCORDANCE OF [sic.] O.R.C. § 2953.23(A)(1)(2)."
 {¶ 8} Appellant seems to argue here that his trial counsel was ineffective because he failed to allow appellant to speak with the witnesses in the case. Beyond this, his argument is unclear. However, from appellant's statement of his assignment of error, he seems to argue that the trial court erred in denying his motion to file a delayed post-conviction motion.
 {¶ 9} R.C. 2953.21(A)(2) provides that a petitioner must file a petition for post-conviction relief no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction.
 {¶ 10} Appellant did not file his motion to file a delayed petition until November 1, 2004 — over two and a half years after his conviction and almost an entire year after we ruled on his direct appeal. Thus, appellant was well past the 180-day time limit.
 {¶ 11} A court may not entertain a petition filed after the expiration of the 180-day period on behalf of a petitioner unless one of two alternatives is met. R.C. 2953.23(A). Those two alternatives are:
 {¶ 12} "(1) Both of the following apply:
 {¶ 13} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 {¶ 15} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *."
 {¶ 16} Appellant did not offer any argument or evidence to support either of these two alternatives. Therefore, the trial court properly overruled appellant's motion. Accordingly, appellant's first assignment of error is without merit.
 {¶ 17} Appellant's two remaining assignments of error state:
 {¶ 18} "COUNSEL CAN BE RENDERED INEFFECTIVE FOR FAILING TO PRESENT KEY EVIDENCE TO A DEFENSE."
 {¶ 19} "FAILING TO INVESTIGATE MONEY'S TRUE ORIGIN IN A BURGLARY INDICTMENT CAN BE SEEN AS INEFFECTIVE."
 {¶ 20} In these assignments of error, appellant argues that his trial counsel was ineffective.
 {¶ 21} Plaintiff-appellee, the State of Ohio, argues that these assignments of error are barred by the doctrine of res judicata because appellant should have raised them in his direct appeal. Appellee fails to realize, however, that appellant's trial counsel was also his counsel for his direct appeal from the denial of the motion for a new trial. Thus, he would not have raised ineffective assistance of trial counsel on appeal due to the conflict of interest.
 {¶ 22} But given the fact that the court correctly ruled that appellant's petition for post-conviction relief was untimely, these alleged errors are rendered moot.
 {¶ 23} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.